FILED
United States Court of Appeals
Tenth Circuit

August 12, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROBERT E. STALLINGS,

      Petitioner–Appellant,

v.

DAVID MILLER, Judge; KALICKI;
DAVID CHRISTOPHER, D.A.; ADAM
FRANK, Public Defender; COLORADO
ATTORNEY GENERAL,

      Respondents–Appellees.

No. 10-1218
(D.C. No. 1:10-CV-00600-ZLW)
(D. Colo.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Robert E. Stallings, a Colorado state prisoner proceeding pro se, seeks a certificate

of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas petition. We deny a COA and dismiss the appeal.

In September 2009, Stallings pled guilty in state court to criminal impersonation,

theft, and being a felon in possession of a weapon. Approximately six months later, he

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a § 2254 habeas petition in federal district court challenging his sentence. Because

Stallings' petition was not double-spaced or legible, failed to provide a short and plain

statement of his claims for relief, and did not allege sufficient facts on which a

recognized legal claim could be based, a magistrate judge held that it violated District of

Colorado Local Rule of Practice 10.1, Federal Rule of Civil Procedure 8, and Rule 4 of

the Rules Governing § 2254 Cases. The judge ordered Stallings to submit an amended

petition that complied with these rules by May 13, 2010. On May 6, 2010, Stallings

submitted an amended petition. On May 11, 2010, the district court dismissed the

amended petition for failure to comply with the same rules listed in the magistrate judge's

order as well as Rules 1(b) and 2(a) of the Rules Governing § 2254 Cases.

Because the district court dismissed Stallings' petition on procedural grounds, he

may not obtain a COA unless he demonstrates "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Although we

liberally construe a pro se litigant's application for a COA, see Haines v. Kerner, 404

U.S. 519, 520-21 (1972), we may not assume the role of Stallings' advocate, see Hall v.

Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Stallings does not argue that his initial § 2254 petition complied with federal and

local rules, nor that his amended petition did so.[1]  Instead, he argues that the district court erred in ruling on his amended petition.  Stallings contends that he should have been provided with the opportunity to file multiple amended petitions and that the district court was required to consider any successive petitions, as long as they were filed before the May 13 deadline.  This argument is without merit.  The magistrate judge ordered Stallings to, "within thirty days from the date of this order, file an amended [petition] that complies with" local and federal rules.  No reasonable jurist would read this statement as allowing Stallings to file amended petitions seriatim, provided he did so within thirty days.  Instead, the order clearly gave Stallings thirty days to file a single amended petition that complied with federal and local rules.  He failed to do so.

Accordingly, we **DENY** a COA and **DISMISS** this appeal.  Because Stallings has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] There is one exception:  Stallings appears to argue that his petition complied with Rule 2(a) of the Rules Governing § 2254 Cases because he named the correct defendants in his petition.  However, this argument fails under Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995), because the defendants named by Stallings were not his custodians.  Moreover, even if Stallings' argument had substantive merit, compliance with one rule does not compensate for noncompliance with others.